# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.S.**

**No. 18-0596** (Harrison County 17-JA-150-1)

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.F., by counsel Jason M. Glass, appeals the Circuit Court of Harrison County's May 21, 2018, order terminating her parental rights to K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Julie N. Garvin, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the DHHR filed a petition alleging that petitioner abused controlled substances while pregnant and K.S. was born drug exposed. According to the DHHR, petitioner admitted to using methamphetamine, marijuana, and prescribed Subutex during her pregnancy. Further, the DHHR alleged that petitioner's parental rights to two older children were terminated in January of 2016 and November of 2016 and that petitioner's circumstances were unchanged from those prior terminations. Finally, the DHHR alleged that petitioner was incarcerated due to felony parole violations related to her convictions for one count of delivery of a controlled substance and one count of manufacturing a controlled substance.[2] Petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner remained incarcerated throughout these proceedings.

The circuit court held an adjudicatory hearing in December of 2017. Petitioner did not contest adjudication and admitted that the conditions which led to her prior involuntary terminations had not been corrected. The circuit court found that petitioner failed to participate in and complete any of the services offered by the DHHR that were designed to remedy the conditions of abuse and neglect. Accordingly, the circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period.

In June of 2018, the circuit court held the final dispositional hearing and heard evidence on petitioner's motion for a post-adjudicatory improvement period, which the DHHR opposed. Petitioner testified that she was currently participating in the residential substance abuse treatment ("RSAT") program through the Division of Corrections ("DOC") and that she would be eligible for parole in August of 2018. Petitioner explained that the RSAT program included parenting classes, anger management classes, and group therapy. Petitioner further testified that she would not discharge her sentence until July of 2019, but that her participation in the RSAT program would accelerate her opportunity for parole to July of 2018. Petitioner admitted that she was previously offered substance abuse treatment during her past abuse and neglect cases, but did not take advantage of those services. The DHHR asked the circuit court to take judicial notice of petitioner's prior cases. Ultimately, the circuit court found that petitioner failed to show that she would fully participate in a post-adjudicatory improvement period based on her actions in the prior cases. The circuit court reasoned that the only change in petitioner's circumstances from her prior cases was her incarceration, which required her to participate in treatment. Further, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that it was in the best interest of the child to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights in its May 21, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]The father voluntarily relinquished his parental rights. According to the parties, the permanency plan for the child is adoption in his current relative foster placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner asserts that she demonstrated by clear and convincing evidence that she would comply with an improvement period through her participation in services provided by the DHHR, such as parenting classes, drug screens, and attendance at MDT meetings. We disagree. West Virginia Code § 49-4-610(2) provides that a circuit court may grant a post-adjudicatory improvement period when "[t]he respondent files a written motion requesting the improvement period" and "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

The circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period because she did not demonstrate that she was likely to fully participate in an improvement period. Petitioner testified that she was participating in the RSAT program through the DOC, but presented no further evidence of her progress or other details of the program. The record provides that petitioner never participated in any services during the two previous abuse and neglect cases that resulted in the termination of her parental rights to two older children. Additionally, petitioner admitted that her participation in the RSAT program would accelerate her opportunity for parole, which gave her another motive to participate. Petitioner also fails to recognize that the DHHR was not required to make reasonable efforts to preserve the family due to aggravated circumstances. West Virginia Code § 49-4-604(b)(7)(C) provides that the DHHR is not required to make reasonable efforts when "[t]he parental rights of the parent to another child have been terminated involuntarily." Further, "the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § [49-4-605(a)] is present." *In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, in part, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). West Virginia Code § 49-4-605(a)(3) includes the prior termination of a parent's parental rights to another child as one of the above mentioned factors. Petitioner admitted that she failed to correct the conditions from the prior terminations of her parental rights and, therefore, it was reasonable for the circuit court to find that she would not correct the conditions during an improvement period. Accordingly, we find that the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner asserts that the termination of her parental rights was not necessary for the welfare of the child and contrary to this Court's holding in *Cecil T.*[4] We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit

---

[4]This Court has held as follows:

(continued . . . )

courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]"

The circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future because petitioner failed to follow through with a reasonable family case plan to remedy the conditions of abuse and neglect. Despite the DHHR's intervention in two prior abuse and neglect proceedings, petitioner continued to abuse substances while she was pregnant with this child, which clearly shows her inability to correct the conditions of abuse and neglect on her own. Additionally, as mentioned above, the DHHR was not required to provide services to remedy her substance abuse due to petitioner's prior terminations. Although petitioner testified that she was participating in treatment through the DOC, it was unclear to the circuit court if she would abuse substances once released. However,

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, syl. pt. 4. The circuit court did not need to speculate on petitioner's possible improvement due to the child's tender age. Additionally, petitioner was not due to be discharged from incarceration until July of 2019. Petitioner argues

---

> "When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity."

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, syl. pt. 3.

that the circuit court considered only her incarceration when deciding to terminate her parental rights and erred in failing to apply the factors outlined in *Cecil T.* However, it is clear from the record that petitioner's substance abuse was also a consideration for the circuit court and, therefore, the court was not bound to apply those factors. Accordingly, the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

Similarly, we find that termination was necessary for the welfare of the child. Petitioner continued to abuse substances despite the intervention of the DHHR. The child's best interests would not be served by a mother addicted to illegal substances and absent from the first year or more of his life. Petitioner argues that the circuit court erred by not imposing a less-restrictive disposition because the child was placed with a relative. However, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected or in finding that termination was necessary for the welfare of the child. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 21, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: February 15, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison